GARRISON, Judge.
This is an appeal from a judgment of the district court in conformity with a jury verdict and providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the Plaintiff, Theodore Jones, and against the Defendants, Man-ny’s Sanitary Supply, Inc., Gulf Insurance Company, and Burnell Cummings, in the full sum of $3,750.00, together with legal interest thereon from date of Judicial demand, until paid, and for all cost of these proceedings.”
Expert fees were also awarded.
The jury had responded to a number of interrogatories and were polled thereon. The results of the jury interrogatories are as follows:
“1. Do you find that Burnell Cummings, the employee of the Defendant, Manny’s Sanitary Supply, was guilty of negligence herein which negligence was a proximate cause of the accident?
YES 11 NO 1”
* * * * * *
“2. Was the Plaintiff, Theodore Jones, guilty of negligence, which negligence was a proximate cause of the accident? YES 10 NO 2”
“3. What percentage of fault do you, the Jury, attribute to the Plaintiff, Theodore Jones?
25% ”
“4. What is the total amount of damages, both general and special, that the Plaintiff, Theodore Jones, suffered as a result of this accident and that you the Jury award?
$5,000.00”
From this judgment plaintiff appeals, raising two specifications of error, namely (1) the amount awarded is so low as to *200 constitute a clear abuse of discretion and (2) the jury’s finding of 25% negligence on the part of plaintiff is clearly wrong.
On July 3,1984 Theodore Jones was driving his Yolks wagon Quantum on Louisiana Avenue riverbound. Burnell Cummings, driving his employer’s truck, was parked in the riverbound parking lane. Cummings pulled from a parked position crossing two lanes of traffic at a 90 degree angle and collided into Jones’ vehicle in the left turn lane. Cummings admitted that he was attempting to create a shortcut in order to avoid traveling an extra block or so down Louisiana Avenue to the U-turn lane.
Jones went to the hospital the same day. He initially underwent conservative treatment until a bulging disc was discovered and eventually underwent lumbar surgery resulting in permanent disability. In addition the accident aggravated a pre-existing hip condition which had been symptom-free for 15 to 20 years before the accident.
Turning to the question of damages first, there is something deeply wrong with the amount awarded. Initially, both sides stipulated to past medicals of $14,337.20. In addition, Jones has a percentage of permanent disability such that his treating physician believes that Mr. Jones should not work. At the time of the accident Jones was unemployed. He was a draftsman with Ebasco, working on the Waterford job, but he was laid off in a general cutback when Ebasco didn’t have enough work after the completion of that job. He is eligible for rehire with Ebasco. Prior to the layoff he was making $25,061.00 as a draftsman with two years of college in engineering. His performance evaluations were excellent. Dr. Mel Wolfson calculated past lost earnings since the accident (2.35 years) at $59,047.00.
We find the minimum amount that the jury could have awarded is $78,384.20[1] and that any lesser amount constitutes a clear abuse of discretion. Accordingly the judgment will be amended to reflect that increase.
Finally turning to the comparative negligence argument, the jury found Jones 25% negligent and Cummings 75% negligent. Jones was proceeding lawfully in the left turn lane on a favored street. Cummings was traveling on a 90 degree angle to traffic. While a driver has a duty to watch in front, back, and on his sides, even sideview mirrors are not designed for 90 degree angles. As a precedent, this Court hesitates to impose such a duty which is clearly not imposed by statute. Accordingly, the percentage of fault is hereby reduced to 0%.
For the reasons discussed, the judgment of the district court is amended as follows and, as amended is affirmed:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the Plaintiff, Theodore Jones, and against the Defendants, Man-ny’s Sanitary Supply, Inc., Gulf Insurance Company, and Burnell Cummings, in the full sum of $78,384.20 together with legal interest thereon from date of Judicial demand, until paid, and for all cost of these proceedings.”
AMENDED AND AFFIRMED.

. $59,047.00 Lost Wages (Past)
14,377.20 Medicals (Past) S 5,000.00 Pain and Suffering $78,384.20