717 So.2d 677 (1998)
Gayle R. BACHEMIN and Ronald P. Schoen
v.
Danny Ray ANDERSON, Lambda Physik, Avis Rent a Car System, Inc., Pathfinder Insurance Company and Colonial Penn Insurance Company.
No. 97-CA-2471.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1998.
Rehearing Denied August 31, 1998.
*678 Michael E. Holoway, Covington, for Plaintiff/Appellant.
Ambrose K. Ramsey, III, Law Offices of Robert E. Birtel, Metairie, for Defendant/Appellee.
Before KLEES, PLOTKIN and McKAY, JJ.
McKAY, Judge.
The plaintiff, Ronald P. Schoen, appeals from the judgment of the trial court arguing that the jury erred in determining the amount of damages which he was entitled to. We affirm.
This case arises from a rear end collision which occurred on I-10 in Orleans parish on July 1, 1993. Mr. Schoen was struck by a rental vehicle being driven by Danny Ray Anderson while he was in the course and scope of his employment with Lambda Physik. Plaintiff was involved in a second automobile accident some six weeks later. After the first accident, Mr. Schoen began his treatment with Dr. Bernard Manale, an orthopedic surgeon. Mr. Schoen had seen Dr. Manale only once between the first and second accidents. An MRI was not done until after the second accident. This MRI showed either a ruptured or herniated disc at the C3-4 level. Dr. Manale related the plaintiff's injuries to the first accident based solely on the symptomatology that Mr. Schoen reported to him.
After these accidents, Mr. Schoen reported a decrease in his income from $74,555.00 in 1992 ( the year before the accident ) to $52,491.00 in 1993 to $20,742.00 in 1994 and $24,471.00 in 1995. Mr. Schoen also changed jobs during this period. He contends that he changed jobs because he needed a job where his hours would be more flexible because of the pain he suffered from. Defendant contends that there was evidence to show that he may have left his former employer, ICCI, because it "was going down" and he didn't want to reflect that failure on his resume.
*679 There was also some indication that he may have had a major disagreement with his boss. Controversy also exists over how severe Mr. Schoen's injuries actually were and whether or not his doctor put any restrictions on his ability to work. However, the IME doctor, Dr. Diodene, admitted that Mr. Schoen suffered from at least what he called "chronic pain syndrome." Plaintiff also employed an economist, Dr. Melville Wolfson, to testify as to his lost wages and diminished earning capacity.
After trial on this matter, the jury awarded Ronald Schoen $9,500 for past and future medical expenses, $5,000 for past and future physical pain and suffering, $0 for past and future mental pain and suffering, $11,000 for past and future loss of earnings and/or loss of earning capacity, and $0 for loss of enjoyment of life. The total damages awarded by the jury were $25,500.00. However, prior to trial, plaintiff dismissed defendants Danny Ray Anderson and Colonial Penn Insurance Company. Plaintiff also entered into a settlement agreement with Avis Rent A Car System and Pathfinder Insurance Company. It was stipulated that the remaining defendant, Lambda Physik, would be entitled to a credit of $100,000.00 against any judgment in this case. Therefore, in actuality the plaintiff realized no monetary benefit from the jury's award.
On appeal, the plaintiff questions whether the jury abused its discretion in 1) awarding only $5000 for past and future pain and suffering and $0 for past and future mental pain and suffering, 2) awarding only $11,000 for past and future loss of earnings and/or earning capacity when the only evidence on this subject presented at trial indicated past loss of earnings in the amount of $181,262 and future loss of earnings at $962,426.00, 3) disregarding the testimony of the only economic expert to testify at trial and 4) by awarding no money for loss of enjoyment of life when the only evidence presented at trial indicated that plaintiff suffered as a result of this accident to which liability was stipulated to. We find that the jury did not abuse its discretion.
Considerable weight must be given to the findings of fact made by a jury. In fact, the Supreme Court has found:
The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
In looking at the case before us we must ask whether the jury acted reasonably considering the particular circumstances of this case. Mr. Schoen believes that the amount of damages awarded by the jury were not enough considering the extent of his injuries and the stipulation to the defendant's liability. However, there were a number of problems with Mr. Schoen's case, not the least of which was that he was involved in a second automobile accident about six weeks after the first and no tests were done until after the second accident. The jury may also have found it difficult to accept Mr. Schoen's testimony about no longer being able to play golf or go deep sea fishing when no proof was offered to show that he had ever engaged in either of these activities. It is the function of the trier of fact to evaluate the testimony of witnesses at trial and from the record we cannot say that this jury was manifestly wrong. In order to reverse a fact-finder's verdict, "we must find from the record that a reasonable factual basis does not exist for the verdict, and that the record establishes the verdict is manifestly wrong." Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
Mr. Schoen also contends that the jury erred when it did not accept the testimony of his economist as fact when he was the only expert to testify at trial as to plaintiff's loss of earnings and loss of earning capacity. This contention is wrong because *680 it is up to the jury to determine what the facts are in a given case. A jury is free to accept or reject in whole or in part the testimony of any witness, lay or expert. " Even uncontradicted expert testimony is not binding on the factfinder." J.A.G. v. Schmaltz, 682 So.2d 331, 337 (La.App. 4 Cir. 1996).
We find that the trial court did not err in its findings and that there were no manifest errors. There are a number of reasons why the jury may have done as it did and there are no indications that the jury abused its discretion in determining the amounts it awarded to plaintiff. Therefore we affirm the judgment of the trial court.
AFFIRMED.
PLOTKIN, J., concurs in part and dissents in part with written reasons.
PLOTKIN, Judge, concurring in part and dissenting in part.
Because I disagree with the majority decision on two important points of law, I respectfully dissent from the decision affirming the trial court judgment.
First, I would amend the trial court's decision to award at least $5,000 in general damages. The jury in this case awarded plaintiff Ronald Schoen $5,000 for past and future physical pain and suffering, but refused to award him any damages for past and future mental pain and suffering. A trial court judgment awarding special damages, but denying general damages, constitutes error under Louisiana law. See Pagan v. Shoney's, Inc., 931 F.2d 334 (5th Cir.1991), citing Marcel v. Allstate Insurance Co., 536 So.2d 632, 635 (La.App. 1st Cir.1988), writ denied, 539 So.2d 631 (La.1989) (awarding special damages for medical expenses and lost wages, but no general damages, is error). This court has previously held that a failure or refusal to award general damages to a plaintiff who has provided evidence of objective injury does not fall within a trial court's "much discretion" allowed by La. C.C. art. 2324.1. Robinson v. General Motors Corp., 328 So.2d 751, 751 (La.App. 4 Cir.1976). Thus, I believe that the jury erred as a matter of law in failing to award at least $5,000 for plaintiff's mental anguish caused by the accident.
However, I agree with the majority that the jury correctly refused to award separate damages for loss of enjoyment of life. This court has held on several occasions that loss of enjoyment of life should not be considered a separate item of damages, but should be considered part and parcel of the award of damages for past and future suffering, pain and mental anguish. Brown v. Southern Baptist Hospital, 96-1990 (La.App. 4 Cir. 3/11/98), 715 So.2d 423. Thus, a separate award for hedonic damages is erroneous as a matter of law. Mistich v. Volkswagen of Germany, Inc., 94-0226 (La.App. 4 Cir.1997), 698 So.2d 47. Thus, awarding Mr. Schoen $5,000 for past and future mental pain and suffering would be sufficient to reimburse him for his loss of enjoyment of life.
Second, I would amend the trial court judgment to increase the award for past and future lost wages from $11,000 to at least $181,262, the amount of past lost wages calculated by Mr. Schoen's expert economist. Louisiana courts have previously held that the failure to accept uncontradicted expert testimony concerning the plaintiff's loss of wages constitutes an abuse of discretion. See Bernard v. Casualty Reciprocal Exchange, 534 So.2d 1348 (La.App. 5th Cir. 1988). This court implicitly adopted that rule in Jones v. Manny's Sanitary Supply, Inc., 541 So.2d 198 (La.App. 4 Cir.1988), when it amended a $5,000 jury verdict to award the plaintiff a total of $78,384.20, which expressly included $59,047, the uncontradicted amount the plaintiff's expert testified the plaintiff suffered in lost wages. The plaintiff's expert economist in the Jones case was the same as the expert economist in the instant case, Dr. Melville Wolfson. The plaintiff's damages should be amended to award at least $181,262 in lost wages. See also Lyons v. Fleet Operators, Inc., 676 So.2d 182 (La.App. 4 Cir.1996).