J^FOGG, J.
In this case involving a minor automobile accident, plaintiffs, Mary Burell, Chi- *305 nelle Straughter,[2] and Barbara Straughter, appeal the trial court’s denial of their claims for personal injury damages. We affirm.
On November 24,1995, at approximately 6:15 p.m., plaintiffs occupied a 1984 Ford LTD,[3] which was parked in the parking lot of a grocery store located in West Felicia-na Parish. A 1989 Isuzu pick-up truck owned and operated by Jerry Sharp was parked adjacent to plaintiffs’ vehicle. As Sharp exited his parking space, his truck struck the side of the vehicle occupied by plaintiffs. Subsequently, plaintiffs brought the instant suit against Sharp and his liability insurer, Allstate Insurance Company, alleging they sustained serious injuries as a result of the accident. At trial on the merits, defendants stipulated to liability, but disputed plaintiffs’ claims that they sustained injuries in the accident. Following the trial, the trial judge entered judgment in favor of defendants, determining that plaintiffs failed to prove the existence of their injuries by a preponderance of the evidence and denying their claims for damages. Plaintiffs now appeal.
The determination of the extent of a plaintiffs injuries is a question of fact. In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989), the Louisiana Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable....
13When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
(Citations omitted).
At trial, plaintiffs testified that Sharp’s vehicle struck the left side of their vehicle with such force that they were thrown to the right. They each stated that it felt as though the right wheels of their car were “lifted off the ground.” The three testified that, after the accident, they began experiencing neck, shoulder and back pain, for which they sought chiropractic treatment. Richie Roth, a chiropractor with the Family Chiropractic Clinic, testified by deposition that all three plaintiffs received chiropractic treatment at the clinic for several months following the accident, beginning on January 12, 1996. Roth opined that plaintiffs suffered moderate soft tissue injuries as a result of the impact, but he acknowledged that his diagnosis was based primarily on plaintiffs’ subjective complaints.
In contrast to plaintiffs’ testimony that the accident involved a violent impact, Sharp testified that his vehicle was “barely moving” when it “bumped” the vehicle plaintiffs occupied. Joseph Barr, III, a guest passenger in Sharp’s vehicle at the time of the accident, testified that he did not feel the impact and was unaware that a collision had occurred until Sharp told him. Neither Sharp nor Barr was injured in the accident, and Sharp’s vehicle was not damaged. Sharp submitted documentary evidence that the small dent on plaintiffs’ vehicle was repaired at a cost of $419.34.[4] Both Sharp and Barr testified that, initial *306 ly, plaintiffs did not appear injured, |4but later, while waiting for the police to arrive, plaintiffs began holding their necks and laughing.
In concluding that plaintiffs failed to show they suffered injuries as a result of the accident, the trial judge obviously accepted the testimony of Sharp and his guest passenger and rejected the testimony of plaintiffs and their treating chiropractor. Plaintiffs allege that the trial judge erred when it did not accept the testimony of their chiropractor as fact when he was the only expert to testify at trial as to plaintiffs’ alleged injuries.
The effect and weight to be given expert testimony is within the broad discretion of the trial judge. The importance placed upon such testimony is largely dependent upon the expert’s qualifications and the facts that form the basis of his opinion. Thornton ex rel. Laneco Constr. Sys., Inc. v. Lanehart, 97-2871 (La.App. 1 Cir. 12/28/98), 723 So.2d 1127, vnit denied, 99-0177 (La.3/19/99), 740 So.2d 115. Expert opinion, even uncontradicted, is not binding on the trial court. Thornton, 97-2831, p. 5, 723 So.2d at 1131; Bachemin v. Anderson, 97-2471 (La.App. 4 Cir. 7/29/98), 717 So.2d 677.
In written reasons for judgment, the trial judge stated, “[flaking into account the totality of the testimony, the normal speed of a car leaving a parking space and the law of physics, plaintiffs’ (sic) have failed to show any injury from the accident.” We have carefully considered the evidence in the record and cannot say this finding is manifestly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellants, Mary Burell, Chinelle Straughter, and Barbara Straughter.
AFFIRMED.

. This plaintiff is also referred to as "Chen-nelle Straughter.”

. Chinelle Straughter was driving this vehicle with the consent of its owner, Leandrew Robinson.

.The break-down of this cost was $48.00 for parts, $64.00 for paint, and $307.34 for labor.