JAMES F. McKAY III, Chief Judge.
hln this auto tort case, the plaintiff, Anthony McMaster, appeals the quantum of damages awarded by the jury and a number of rulings made by the trial court. The defendants, James Stevens, D & S Steering Services, Inc. and Progressive Insurance Company, have answered the plaintiffs appeal and seek damages for a frivolous appeal. For the following reasons, we affirm the judgment below and deny the defendants’ request for damages.
FACTS AND PROCEDURAL HISTORY
On November 2, 2009, Anthony McMas-ter was allegedly injured when the car he was driving was struck from the rear by a vehicle driven by James Stevens, who was in the course and scope of his employment with D & S Steering Services, Inc. At the time of this accident, Mr. McMaster was employed as a chef at Byblos Restaurant. Prior to this accident, Mr. McMaster had been involved in an automobile accident in 1999. Following the 1999 accident, he received treatment for his neck for a year and a half from Drs. John Cazale and Jay Binder, both orthopedists. The last time Mr. McMaster saw either of these doctors, his neck 12pain remained symptomatic. In connection with the 1999 accident and his associated injuries, Mr. McMaster filed a lawsuit alleging “severe” injuries to his neck causing “permanent disability.”
Following the November 2, 2009 accident, Mr. McMaster sought medical attention at the Touro Infirmary emergency room. Shortly thereafter, Mr. McMaster retained legal representation and his attorney referred him to a chiropractor, Michael Haydel. On December 15, 2009, Dr. Haydel referred Mr. McMaster to Dr. Daniel Johnson for a cervical MRI, which showed a disc herniation at C5-6, but no pathology at C4-5. Mr. McMaster then underwent an EMG with Dr. Daniel Tra-hant on May 11, 2010. Dr. Trahant diagnosed pathology at C5-6 but found no injury at C4-5. As his treatment progressed, Mr. McMaster was referred to Dr. Lucienne Marianne, a neurosurgeon, on June 4, 2010. Dr. Miranne ordered Mr. McMaster undergo a second MRI in June of 2010 and a myelogram CT in August of 2010. Dr. Miranne and Dr. John Joslyn, a neuroradiologist, reviewed the two MRI’s and the myelogram and determined that Mr. McMaster had a herniation at C5-6, but no pathology at C4-5. Thereafter, on August 27, 2010, Dr. Miranne recommended that Mr. McMaster undergo a one level arthroplasty at C5-6. Instead, Mr. McMaster did not treat for his neck with - any doctor for. a period of five months. Mr. McMaster returned to Dr. Miranne on *982 January 31, 2011, after a subsequent injury where he felt a “pop in the neck” and reported an increase in pain. Dr. Miranne noted that the physical exam of Mr. McMaster’s neck had worsened and recommended that he undergo a third MRI. |3The third MRI revealed a new herniation at C4-5 and a worsening of the injury at C5-6. As a result of this new injury, Mr, McMaster underwent a two level fusion on April 28, 2011. Dr. Miranne did not relate the C4-5 herniation or the fusion to the November 2, 2009 accident. On December 21, 2011, Mr. McMaster first saw Dr. Charles Aprill, who performed pulse mode procedures and administered steroids to him. Following the November 2, 2009 accident, Mr. McMaster was also under treatment for mental health issues which he claimed were related to the accident. However, Mr. McMaster had a history of anxiety problems and panic attacks.
As stated above, Mr. McMaster worked as a chef at Byblos at the time of the accident. However, he was let go by Byblos on February 10, 2010, when he missed work without calling in to report his absence. Thereafter, Mr. McMaster received unemployment for seven months. During this time,. Mr. McMaster had to certify that he was able to work and place job applications; Mr. McMaster also made a claim with the Deepwater Horizon Claims Center for lost wages due to the BP oil spill. By July of 2011, Mr. McMas-ter was doing some manual labor for his girlfriend’s business, United Hauling. This work consisted of cutting grass, debris removal, boarding up windows, cleaning houses, etc. for several hours per week.
On February 8, 2010, Mr. McMaster filed suit against James Stevens, D & S Steering Systems, Inc. and Progressive Insurance Company. Prior to trial, the district court granted a summary judgment in favor of the plaintiff, determining that the accident was caused solely by the fault of James Stevens. The matter was |4tried before a jury on the issues of medical causation and damages on September 9— 16, 2013. The jury returned a verdict awarding the plaintiff $38,000.00; this consisted of $25,000.00 for past medical expenses, $10,000.00 for pain and suffering, and $3,000.00 for past lost wages. On September 26, 2013, the trial court entered judgment on the jury’s verdict. The plaintiff then moved for judgment notwithstanding the verdict (JNOV) and/or a new trial, which the trial court denied on November 26, 2013. The plaintiff now appeals to this Court. The defendants have answered the appeal requesting damages for a frivolous appeal.
DISCUSSION
On appeal, the plaintiff raises the following assignments of error: 1) the jury was manifestly erroneous in awarding only $3,000.00 for past loss of earnings; 2) the jury was manifestly erroneous in awarding zero dollars for future loss of earnings and earning capacity; 3) the jury was manifestly erroneous in awarding only $25,000.00 for past medical expenses; 4) the jury was manifestly erroneous in awarding zero dollars for future medical expenses; 5) the jury was manifestly erroneous in awarding only $10,000.00 for physical pain, suffering and impairment; 6) the jury was manifestly erroneous in awarding zero dollars for mental pain and suffering; 7) the jury was manifestly erroneous in awarding zero dollars for loss of enjoyment of life; 8) the trial court erred in the submission of the jury verdict form which was missing Progressive Insurance Company as a lead defendant in the case caption, creating a belief that there was no insurance coverage for the defendants; 9) the defendants committed reversible error on crossjexam6 of plaintiffs’ witnesses; 10) the trial court erred in ruling that plain *983 tiff’s 1999 accident and minor injuries were relevant to an accident and injuries occurring in 2009, ten years apart and no treatment for nine years; 11) the trial judge erred in reversing her ruling on a motion in limine where she allowed only the medical records of the 1999 accident rather than her previous ruling allowing the entire claims file; 12) the trial court erred in not granting a JNOV or additur; and 13) whether defendants committed reversible error in referring to D & S Steering Services, Inc. as a “mom and pop” company that employs 10 — 13 workers, in voir dire and in opening, without introducing any evidence of either during the trial. In their answer to the appeal, the defendants argue that they should be awarded damages because the plaintiffs appeal is frivolous.
In his first seven assignments of error, the appellant contends that the jury was manifestly erroneous in its awarding of damages. It is well settled that a judge or jury is given great discretion in its assessment of quantum, both general and special damages. Iles v. Ogden, 09-0820, p. 4 (La.App. 4 Cir. 2/26/10), 37 So.3d 427. La. C.C. art. 2324.1 provides: “In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” Furthermore, the assessment of quantum, or the appropriate amount of damages, by the trial judge or jury is a determination of fact, one entitled to great deference on review. Wainwright v. Fontenot, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74. The jury has the latitude to choose between witnesses, including expert witnesses, and to use such expert testimony together | nwith its own common sense and experience to arrive at its conclusions of fact. La. C.E. art. 704; Burns v. CLK Investments V, L.L.C., 10-0277, p. 10 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152. A jury may choose the opinion of one expert, or even reject the opinion of the sole expert. See Bachemin v. Anderson, 97-2471, p. 4 (La.App. 4 Cir. 7/29/98), 717 So.2d 677, 680. The jury’s acceptance of part or all of each expert’s testimony is within its discretion in fact finding. Joseph v. Archdiocese of New Orleans, 10-0659, p. 3 (La.App. 4 Cir. 11/10/10), 52 So.3d 203.
In the instant case, the jury had two versions of medical evidence to choose from. The plaintiff had a history of preexisting conditions from prior accidents and a checkered work history. The plaintiff’s testimony at trial was also impeached on numerous occasions. Based on the evidence before it and using its own common sense, the jury made certain findings of fact. Accordingly, the jury was not manifestly erroneous in its awarding of damages to the plaintiff.
In the appellant’s eighth assignment of error, he contends the trial court erred in the submission of a jury form missing Progressive Insurance Company as a lead defendant in the case caption. However, the appellant did not object to the jury form at trial and has not briefed this issue on appeal. An appellant cannot advance an argument on appeal that is not raised or objected to at trial. See Trans-Global Alloy, Ltd. v. First Nat’l Bank, 583 So.2d 443, 448-449 (La.1991). It is also well settled that if an appellant identifies an assignment of error or an issue presented for review, but fails to brief that point with citations to the record and ^support in the law, that issue or assignment is deemed waived. See Uniform Rules Courts of Appeal, Rule 2-12.4(B)(4). Accordingly, we find no merit in the appellant’s eighth assignment of error.
The appellant’s ninth assignment of error concerns the cross-examination of expert witnesses. However, this Court is unclear as to appellant’s argument regard *984 ing the expert witnesses. In any event, the appellant did not object to these cross-examinations at trial and did not brief this issue on appeal. Accordingly, for the same reasons stated above, this assignment of error is waived.
In the appellant’s tenth assignment of error, he contends that the trial court erred in allowing the jury to hear evidence of his 1999 accident, including the lawsuit he filed alleging “severe injury” to his neck, and see the medical records from that accident. However, the appellant did not object to the appellees offering into evidence the certified petition related to the 1999 accident, nor did he object to the admission of the certified medical records related to that accident. Additionally, the appellant’s counsel alluded to the 1999 accident and lawsuit in his opening statement. Accordingly, this assignment of error is without merit.
The appellant, in his eleventh assignment of error, argues that the trial court erred in reversing its ruling on a motion in limine, whereby it allowed only the medical records from the 1999 accident to be introduced rather than allowing the introduction of the entire claims file. Again, the appellant did not object to the trial court’s ruling at trial. Accordingly, this argument is waived.
|8In his twelfth assignment of error, the appellant argues that the trial court erred in not granting a JNOV or additur. Again, the appellant failed to brief this issue. As stated above, to the extent an assignment of error or issue is not briefed, it is waived. In any event, a JNOV “is limited by the jurisprudence to those cases where the jury’s verdict is absolutely unsupported by any competent evidence.” Boudreaux v. Schwegmann Giant Supermarkets, 585 So.2d 588, 585 (La.App. 4 Cir.1991). In the instant case, there was competent evidence to support the jury’s verdict. Accordingly, we find no error in the trial court’s refusal to grant a JNOV or additur.
In his thirteenth assignment of error, the appellant argues that the jury’s verdict should be reversed because the trial court allowed defense counsel to refer to D & S Steering as a “mom and pop” company, employing 10 to 13 workers. This assignment of error is without merit. The appellant did not object when defense counsel referred to D & S Steering as a small “mom and pop” company in his opening statement, thereby waving any such argument now. Furthermore, the trial court instructed the jury not to consider the arguments of counsel as evidence. On a related note, the appellant also complains that the trial court erred in not letting him show a photograph of D & S Steering’s building to the jury. However, the appellant failed to proffer the photograph, so there is nothing for this Court to review.
The appellees argue that not only should the appellant’s brief be disregarded, but also that he should be sanctioned for filing a frivolous appeal because counsel |gfor appellant has judicially admitted that there is evidence to support the jury verdict. While the appellant’s appeal lacked merit in many respects, we cannot say that his appeal was entirely lacking in good faith. Accordingly, we will not sanction him for a frivolous appeal.[1]
*985 CONCLUSION
For the above and foregoing reasons, we affirm the judgment below. We also decline to sanction the appellant and award damages to the appellees.
AFFIRMED.

. We are aware that appellant has already been sanctioned for frivolous appeal and frivolous writ application in litigation related to this case. McMaster v. Progressive Ins. Co., 2013-CA-1411 (La.App. 4 Cir. 3/26/14), 2014 WL 1260979; Writ Granted, 2014-C-1038 (La.9/19/14), 147 So.3d 687.