DANIEL L. DYSART, Judge.
11 This Court issued, sua sponte, a rule ordering appellant/third-party plaintiff, CM Design, L.L.C. (“CM Design”), to show cause why the appeal in this case should not be dismissed as the judgment from which it appealed lacks the proper decretal language.[1] La.Code Civ. Proc. art. 1918. “A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C., 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, quoting Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927. This Court cannot determine the merits of an appeal until our jurisdiction is properly invoked by a valid final judgment. See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477, p. 12 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. In response, CM Design filed I pan Unopposed Motion to Remand to allow the trial court to correct/amend the judgment.
As this Court lacks jurisdiction to consider the merits of the appeal in the absence of a final appealable judgment, we dismiss the appeal, without prejudice, and remand the matter for further proceedings. Once a valid final judgment is signed, a new appeal may be filed with this Court.
APPEAL DISMISSED, WITHOUT PREJUDICE; REMANDED

. The subject judgment contains the standard language, i.e., date, parties present, and the following:
IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of the defendant.