PAUL A. BONIN, Judge.
.|i.Rita Conner Weatherly timely appealed from a judgment denying her request for a preliminary injunction. Her brief raised no issue concerning the denial of injunctive relief and. addressed itself exclusively with her concerns about the language in the judgment and comments by the trial judge. Because we cannot exercise our appellate jurisdiction unless it has been properly invoked, we — without any prompting by the parties — directed them to show cause in writing why the appeal should not'be dismissed.
Mrs. Weatherly was the only party to *220 respond to the show cause order.[1] In her response, Mrs. Weatherly stated that she believed the trial judge had dismissed her case either sua sponte upon finding that her petition did not state a cause of action or on the merits but without a trial. Mrs. Weatherly explained that, under either scenario, she believed she had to appeal or risk losing her appellate rights. But, in any event, Mrs. Weatherly welcomed a remand to the trial court for consideration of her principal demand.
|2We find, first, that the only appealable issue, which Mrs. Weatherly intentionally failed to address, was the denial of the preliminary injunction, an interlocutory order. Second, we find that the judgment, lacking decretal language, cannot otherwise be construed as a final appealable judgment. Accordingly, we dismiss Mrs. Weatherly’s appeal and remand for further proceedings on her principal demand and on the appellees’ reconventional demand.
We briefly explain our decision below.
I
An “[ajppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La. C.C.P. art. 2082 (emphasis added). As a general rule, a final judgment is appealable. See La. C.C.P. art. 2083 A. “A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. art. 1841. But, “[a] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory ’ judgment.” Id. Accordingly, “[a]n interlocutory judgment is appealable only when expressly provided by law.” La. C.C.P. art. 2083 C (emphasis added).
A judgment granting or denying a preliminary injunction is an interlocutory judgment. See Smith v. Brumfield, 13-1171, p. 5 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 74, quoting Elysian Fields Church of Christ v. Dillon, 08-0989, p. 6 (La.App. 4 Cir. 3/18/09), 7 So.3d 1227, 1231 (“A preliminary injunction is an interlocutory procedural device designed to pre serve the status quo as it exists | sbetween the parties, pending a trial on the merits.”). And;- importantly, there is an express provision of law allowing the appeal of a judgment pertaining to a preliminary injunction: “[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction ...” La. C.C.P. art. 3612 B.
Thus, because Mrs. Weatherly filed her motion for appeal timely,[2] she was entitled to demand that we review the trial judge’s denial of her request for a preliminary injunction. But, as we already mentioned, Mrs. Weatherly wholly failed to address that issue in either her original or reply brief. In fact, she specifically stated that, the ruling on the preliminary injunction “is not made a part of this appeal.” See generally Willis v. City of New Orleans, 14-0098, p. 7 n. 3 (La.App. 4 Cir. 6/18/14), 143 So.3d 1232, 1236 (“According to the party presentation principle, ‘we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.’ ”), quoting Greenlaw v. United States, *221 554 U.S. 237, 243-44, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).[3] And, significantly to us, Mrs. Weatherly, in her response to the show cause order, confirmed that she had no interest in demanding review of the denial of her request for a preliminary injunction. Thus, we are well-satisfied that any appeal relating to the denial of the preliminary injunction is effectively abandoned, and we will hot review the trial [Judge’s denial. See, e.g., Tsegaye v. City of New Orleans, 13-1412, p. 9 (La.App. 4 Cir. 4/16/14), 140 So.3d 202, 208 (failure of appellant to include issue in brief effectively abandoned the claim); McMaster v. Progressive Sec. Ins. Co., 14-0155, pp. 6-7 (La.App. 4 Cir. 10/29/14), 152 So.3d 979, 983, writ denied, 14-2641 (La.3/6/15), 160 So.3d 1289 (“It is [ ] well settled that if an appellant identifies an assignment of error or an issue presented for review, but fails to brief that point with citations to the record and support in the law, that issue or assignment is deemed waived.”).
II
We turn now to consider-whether the judgment could be construed as a final appealable judgment based upon the imprecise or suggestive language contained in the judgment. The judgment ordered that Mrs. Weatherly’s “Petition for Possession and Preliminary Injunction is DENIED for the reasons orally assigned.” The trial judge orally stated that “[ajfter a review of the record, evidence submitted, applicable law, and arguments advanced by counsel, this Court finds that plaintiffs petition is devoid of any explanation as to the basis of her entitlement or legal right to the requested possession or injunctive relief.” This is the language that Mrs. Weatherly reported to us caused her to prophylactically appeal the judgment in the event that it constituted a final judgment.
There are two interrelated reasons why we find that this judgment cannot be construed as a final appealable judgment and thus why we cannot exercise our appellate jurisdiction to review it. The first is that the judgment does not contain | ^sufficient decretal language to constitute a final ap-pealable judgment, and the second is that, even if the judgment contained the requisite language, the trial judge could not adjudicate the merits of the case following a hearing on a request for a preliminary injunction absent the consent of the parties.
While it is true the trial judge’s oral reasons for judgment are' suggestive of a legal conclusion by' her that 'Mrs. Weatherly’s petition failed to disclose a cause of action,[4] and, of course, a trial judge may notice the objection of no cause of action on her own motion, see La. C.C.P. art. 927 A(5) and B, a judgment sustaining either must first order an amendment of the petition to remove the ground of the objection or dismiss the action. , See La. C.C.P. art. 934. An order directing the amendment of a petition would be neither final nor interlocutory and is no.t appeal- *222 able. See Menard v. Barrie, 13-1284, pp. 3-4 (La.App. 4 Cir. 3/5/14), 137 So.3d 679, 680. A written judgment dismissing the action, however, would require decretal language to the effect for it to be considered a final appealable judgment. See La. C.C.P. art. 1918 (“A final judgment shall be identified as such by appropriate language.”). Thus, “ ‘[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’ ” Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927, quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. “The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Id. at 13; 52 So.3d at 916.
Here, however, the judgment lacked the requisite decretal language by which we could deem it a final appealable judgment. See La. C.C.P. arts. 1918, 1915 B; Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328 (La.App. 4 Cir. 9/23/15), 176 So.3d 668.
The second reason why we do not construe this judgment as a final appeal-able judgment is that we would have to infer that the trial judge intended to dispose of the merits of the case upon the conclusion of the preliminary injunction hearing. As a general rule, however, “[t]he principal demand, as opposed to the [preliminary] injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the injunction may touch upon or decide issues regarding the merits.” See Bank One, Nat. Ass’n v. Velten, 04-2001, p. 5 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (emphasis added) (internal citation omitted). While in some cases the merits of an action may be decided during an interlocutory proceeding, this is only “where the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction.” Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 494 n. 9 (La.1979); see also Transworld Drilling Co. v. Texas General Petroleum Co., 517 So.2d 1262, 1263 (La.App. 4 Cir.1987) (“The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties”).
Here, there is no indication that the parties agreed to dispose of the entirety of the case during preliminary injunction proceedings. Noticeably, the appellees have by their silence in the face of our show cause order implicitly conceded that there was no stipulation by the parties to submit the merits to adjudication at the time of the hearing on the preliminary injunction. Thus, unquestionably the trial judge could not have procedurally disposed of the merits of the case. Therefore, the judgment in this case cannot be construed as a final appealable judgment.
CONCLUSION
Although the judgment denying the preliminary injunction was an appealable judgment, Mrs. Weatherly purposely abandoned her right to demand review of the denial. And the judgment itself, lacking any decretal language, cannot be construed as a final appealable judgment. We cannot determine the merits of an appeal until our jurisdiction is properly invoked by a valid appealable judgment. See Delta Staff Leasing, LLC, 14-1328 at 1, 176 So.3d 668.
*223 DECREE
We dismiss the instant appeal and remand for further proceedings on Mrs. Weatherly’s principal demand and the ap-pellees’ reconventional demand. Once a valid final judgment is rendered, a new appeal may be filed with this court.
APPEAL DISMISSED; REMANDED

. The appellees, Paul Sanchez, Rachel Moore Sanchez, Connie Lee Kyle, and Sonia Marie Tetlow, did not respond,

. "An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date or order of the judgment.” La. C.C.P. art. 3612 C. This period may be contrasted with the delays for talcing devolutive and suspensive appeals in ordinary proceedings. See La. C.C.P. arts. 2087, 2123.

. There are, of course, times when "the interest of justice clearly requires otherwise” that we are authorized to decide a civil case based on an issue not raised or addressed by the parties. See Rule 1.3 of the Uniform Rules-Courts of Appeal; Merrill v. Greyhound Lines, Inc., 10-2827, pp. 2-3 (La.4/29/11), 60 So.3d 600, 602.

. Our review of the trial judge’s final action is based upon the written judgment and not upon any dispositions made in reasons given, whether the reasons are oral or written. See Wooley v. Lucksinger, 09-0571, p. 77 (La.4/1/11), 61 So,3d 507, 572 ("[T]he district court’s oral or written reasons for judgment form no part of the judgment, and [ ] appellate courts review judgments, not reasons for judgment.”) (internal citation omitted).