Judge Marion F. Edwards, Pro Tempore
| An this negligence action, the appellant, David Casse, plaintiff-in-reconvention, appeals the trial court’s October 12, 2016 judgment granting an exception of prescription in favor of the appellee, Carrie Thiele, defendant-in-reconvention.[1] For the reasons that follow, we find that the judgment on appeal lacks necessary decretal language and is, thus, not a valid, final, appealable judgment. Consequently, this court lacks ‘jurisdiction. We dismiss the appeal without prejudice and remand this matter to the trial court so that a valid, final judgment, may be rendered and signed.
FACTS AND PROCEDURAL HISTORY
On December 25, 2014, a multi-motor vehicle accident occurred in Jefferson Parish on Interstate-10 East at or near the Bonnabel Boulevard exit and the interchange with Interstate-610. It is alleged that the vehicle owned and operated by Max Beagle struck the rear end and then the passenger side of the motor vehicle owned and operated by Eldridge Thompson, Jr. Following impact, Thompson’s vehicle came to rest perpendicular across two travel lanes. of the . interstate. | ¿.Thereafter, the motorcycle owned and operated by the appellant, David Casse, struck Thompson’s vehicle.
On November 23, 2015, Thompson filed suit against Max Beagle, Progressive Palo-verde Insurance Company, David Casse, and GEICO Indemnity Company seeking to recover damages for injuries he received in the accident. Casse was served with Thompson’s petition for damages on April 22, 2016, and on June 2, 2016, he filed an answer and defenses. Nowhere in his answer and defenses does Casse refer to the appellee, Carrie' Thiele. ■■ According to the record, on June 29, 2016, Casse filed a reconventional demand and third party demand naming the appellee, Carrie Thiele, as a defendant-in-reconvention.[2]
*521 In his reconventional demand and third party demand, Casse avers that shortly after the collision occurred between the Beagle and Thompson vehicles, a vehicle operated by Shahid Chaudhry stopped in the middle of the interstate alongside the Thompson and Beagle vehicles in order to render assistance. Carrie Thiele was riding as a guest passenger in Chaudhry’s vehicle. Thereafter, Casse, who was operating his motorcycle in an easterly direction on 1-10, claims that he was following behind another vehicle, which came to an abrupt stop when it approached the disabled Thompson vehicle that was blocking two of the travel lanes. As he attempted to avoid hitting the stopped vehicle by swerving around it into the right lane, Casse contends that his motorcycle struck Thiele as she existed Chaudhry’s vehicle and stepped into the open lane of traffic. According to Casse, when he collided with Thiele, he was thrown from his motorcycle, which thereafter | .¡struck the door of the Thompson vehicle, forming the basis of Thompson’s suit against him. Additionally, Casse contends that he sustained severe injuries requiring multiple surgeries as a result of his collision with Thiele, giving rise to his claims against her.
Thiele responded to the claims made by Casse against her in his reconventional demand and third party demand by filing a peremptory exception of prescription. Thiele alleged that at the time Casse’s third party claim against her was filed, more than one year had passed from the original accident; hence, Casse’s claims against her had prescribed. Specifically, Thiele averred that Casse’s claims against her were not incidental to the main demand (the Thompson suit), but arose out of a completely separate accident involving completely separate and distinct facts. Casse opposed Thiele’s exception on the ground that, pursuant to Article 1067 of the Louisiana Code of Civil Procedure, his claims against Thiele were incidental to the main demand and were timely filed within 90 days of his being served with the original demand.
A hearing on Thiele’s exception was held on October 7, 2016. On October 12, 2016, the trial court issued a judgment, without written reasons, granting the exception. It is from this judgment that Casse timely appealed.
DISCUSSION
“Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether’ subject matter jurisdiction exits, even when the parties do not raise the issue.” Moon v. City of New Orleans, 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. This court “cannot reach the merits of an appeal unless our appellate court jurisdiction has been properly invoked by a valid final judgment.” Id. See also Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C., 14-0506, p.2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. A valid final judgment is one that determines the merits in whole or in part and is identified as such by appropriate language. La. C.C.P. art. 1841, 1918. “A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is .ordered, and the relief that is granted or denied.” Mid-City Holdings, 14-0506, pp. 2-3, 151 So.3d at 910, quoting Palumbo v. Shapiro, 11-0769, p. 5 (La. App. 4 Cir. 12/14/11), 81 So.3d 923, 927. “The result being decreed must be spelled out in lucid, unmistakable language, The quality of definiteness is essential to a proper judgment.” Moon, 15-1092, 15-093, p. 6, 190 So.3d at 425. “The specific relief granted, should be determinable from the judgment without ref-' *522 erence to an extrinsic source such as pleadings or reasons for judgment.” Mid-City Holdings, 14-0506, pp. 3, 151 So.3d at 910, quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 10-477, p. 13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916.
In this matter, the October 12,2016 judgment from which Casse appeals states as follows:
This matter came for hearing on the 7th day of October, 2016, on defendant in reconventional demand Carrie Thile’s Exception of Prescription.
PRESENT: LANCE J. ROBINSON ESQ. ATTORNEY FOR PLAINTIFF CARRIE THILE
WAYNE W. YUSPEH, ESQ. MICHAEL A. FENASCI ESQ. ATTORNEYS FOR DEFENDANT DAVID J. CASSE
THE COURT, after considering the pleadings, evidence, argument of counsel and the applicable law:
|,IT IS ORDERED, ADJUDGED, AND DECREED that the defendant in recon-ventional demand’s Exception of Prescription be granted.
We find that this judgment lacks definitive decretal language necessary for the exercise of our appellate jurisdiction. We cannot determine from the face of the judgment whether the granting of the exception of prescription results in the dismissal of all or only some of Casse’s claims. Although the transcript of the October 7, 2016 hearing on the exception suggests that the trial court intended to dismiss Casse’s reconventional demand, such relief was not granted in the written judgment; any determination of the rights of the parties and the merits of the case must be evident from the language of the judgment without reference to other documents in the record. See Weatherly v. Sanchez, 15-0534, p. 5 n. 4 (La. App. 4 Cir. 11/25/15), 181 So.3d 218, 221-22 (“Our review of the trial judge’s final action is based upon the written judgment and not upon any dispositions made in reasons given, whether the reasons are oral or written.”) In the absence of decretal language specifying the relief granted, the October 12, 2016 judgment cannot be considered a final, appealable judgment. Hence, this court lacks jurisdiction to consider the merits of Casse’s appeal.
On July 6, 2017, this Court issued an order directing Casse to show cause, in writing only, within seven days why the pending appeal should not be dismissed because the October 12, 2016 judgment, lacking decretal language, is not a final and appealable judgment, thus depriving this Court of appellate jurisdiction. Casse failed to comply with this Court’s July 6, 2017 order.
“This court has converted appeals of non-appealable interlocutory judgments to applications for supervisory writs in cases where the appeals were filed within Lthe 30-day period allowed for the filing of applications for supervisory review.” In re: Medical Review Panel of Williams v. EMSA Louisiana, 15-1178, pp. 2-3 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423. In this matter, Casse’s petition for appeal was filed on December 8, 2016, more than 30 days of the October 12, 2016 judgment granting Thiele’s exception of prescription. Consequently, we decline to exercise our discretion to convert the appeal to an application for supervisory writs in this case. Accordingly, this appeal is dismissed without prejudice and the matter is remanded to the trial court for further proceedings. Once a final, appealable judgment is signed, a new appeal may be filed with this Court.
*523 DECREE
We dismiss the instant appeal without prejudice. This matter is remanded to the trial court for further proceedings consistent with this opinion.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED.

. Carrie Thiele's name is incorrectly spelled in the pleadings as "Tliile.”

. In addition to Ms. Thiele, Mr. Casse also named as defendants-in-reconvention, Max Beagle, Eldridge Thompson, Jr„ Shahid R, Chaudhry, GEICO Indemnity Company,. USA-gencies Casualty Insurance Company, Inc., and Progressive Paloverde Insurance Company. State Farm was named as a defendant in cross-claim.