JENKINS, J., DISSENTS AND ASSIGNS REASONS ^Because the decretal language in the trial court’s money judgment does not give the name of the party in whose favor the judgment is rendered, and the name of the party cast in judgment, I would find that this court lacks appellate jurisdiction to review this judgment. Before considering the merits of any appeal, appellate courts have the duty to determine, sua sponte, whether subject matter jurisdiction exists, even when the parties do not raise the issue. Urquhart v. Spencer, 15-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077. This court cannot determine the merits of this appeal unless its jurisdiction is invoked by a valid final judgment. Id. For a judgment to be a “valid final judgment,” it must contain specific decretal language. Id. “Decretal language is defined as the portion of a court’s judgment or order that officially states (‘decrees’) what the court is ordering and generally starts with the formula, ‘It is hereby ordered, adjudged, and decreed that Freeman v. Phillips 66 Co., 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440. “The decree alone indicates the decision.” Jones v. Govt. Employees Ins. Co., 16-1168, p. 2 (La. App. 4 Cir. 6/14/17), 220 So.3d 915, 919 (emphasis added). A valid judgment must be precise, definite, and certain. Urquhart, 15-1354, p. 3, 204 So.3d at 1077. The quality of definiteness is essential to a proper | ¿judgment. Id. The result decreed, therefore, must be spelled out in lucid, unmistakable language. Id. Importantly for this case, the decree must name the party in favor of whom the ruling is ordered, and the party against whom the ruling is ordered, and the relief that is granted or denied. Id, These requirements must be evident without reference to an extrinsic source such as pleadings or reasons for judgment. Thompson v. Beagle, 17-0207, p. 4 (La. App. 4 Cir. 8/16/17), 226 So.3d 518, 521-22, 2017 WL 3499011, *2. Here, the decree in the judgment states as follows: IT IS HEREBY ORDERED, ADJUDGED AND DECREED: The Court hereby awards the following late fees in the amount of FIVE HUNDRED DOLLARS ($500.00); interest in the amount of EIGHT HUNDRED DOLLARS ($800.00); attorney fees in the amount of FOUR THOUSAND SIXTY-SEVEN DOLLARS ($4,067.00); and court costs and judicial interest. This decretal language does not give the name of the party awarded these sums, and does not give the name of the party cast in judgment.[1] The result decreed, therefore, is not spelled out in precise, definite, certain, and unmistakable language.[2] In the absence of this requisite decretal language, I find that the judgment is not final and appealable. The absence of decretal language also creates practical difficulties related to the execption of the judgment. In enforcing an imprecise judgment such as this, a sheriff who is directed to seize the- defendant’s property “would have to act as a judge” .to determine whether that person, was the party cast in judgment. See Borg-Warner Acceptance Corp. Through Borg-Warner Leasing v. Whitlow Truck Ctr., Inc., 508 So.2d 857, 859 (La. App. 5th Cir. 1987). And with such a deficient judgment, a trial court might later set aside and revoke a writ of fieri facias or garnishment order on the grounds that, in the absence of the necessary decretal language, the judgment being enforced was not a valid final judgment. See Morris, Lee and Bayle, LLC v. Macquet, 14-1080, pp. 12-13 (La. App. 4 Cir. 3/23/16), 192 So.3d 198, 207-08 (concluding that because the judgment “does not state that it is rendered in favor of Plaintiff against Defendant,” it is “riot a final, enforceable money judgment,” arid “the writ of fifa and the order for garnishment were improperly sought, issued, and executed”). Because the judgment lacks the necessary decretal language, I would find that this court lacks appellate jurisdiction to consider the merits of this appeal. . Although I would not find this sufficient, the decree does not even refer to the parties in their procedural capacities, such as "defendant” or "plaintiff.” See English Turn Prop. Owners Ass'n v. Taranto, 16-0319, p. 2 (La. App. 4 Cir. 4/19/17), 219 So.3d 381, 395 (Jenkins, J., dissenting). . 1 also note that the trial court’s incorporated reasons for judgment refers to the "bookkeeping and records” maintained by ETPOA, and then concludes that "the defendant’s practices are inconsistent, deficient, and inaccurate.” This confusing language adds further uncertainty to what I find to be an imprecise, indefinite, and uncertain judgment.