GARRISON, Judge.
Appellant, Lawrence Chaisson, appeals from a ruling of the Civil Service Commission of the City of New Orleans denying his request for increased compensation. In a letter received by the Civil Service Commission on December 16, 1985, the appellant, a sergeant with the New Orleans Police Department, requested that he be compensated according to the pay scale applicable for lieutenants in the police department. This request was made because the appellant was assigned in May 1985 as a platoon commander which he alleged is a position normally filled by a police lieutenant and which involves more duties than required of a sergeant who is not a platoon commander.
Following a hearing in this matter, the Civil Service Commission denied appellant’s request for increased pay without reasons. Appellant now appeals arguing that the Commission erred in its denial of his request for increased compensation.
New Orleans Civil Service Rule III, Section 4 provides, in pertinent part:
*74 “Subject to the approval of the Director, whenever a regular employee occupying a position in a non-exempt classification is required by the appointing authority to temporarily perform, on a full-time basis, duties in a vacant full-time position of another classification having a higher maximum salary rate, the employee shall be entitled to receive additional compensation subject to these following conditions:
(a) The position to which the employee is to be assigned must be a budgeted vacancy. A- budgeted vacancy is defined as a full-time position which has been authorized by the Chief Administrative Office and given an official position control number, and in which there is no incumbent in official pay status.
(b) The employee must have completed five (5) full working days in a calendar year in any budgeted vacancy within a class before eligibility for payment can commence.
(c) The rate of pay for work performed in a higher classification, shall be the minimum monthly rate for that classification. However, if the employee’s monthly salary exclusive of longevity is at or above the minimum for the higher classification or if increasing the employee’s salary to the minimum of the higher class would result in an increase of less than five percent (5%), a pay increase of five percent (5%) shall be authorized for the eligible time spent in the higher class.
In his appeal brief, the appellant points out that at the time of his request to the Civil Service Commission for increased compensation, three lieutenants who had been ordered to act as captains were receiving the higher pay associated with the position of captain. He also argues that the unlimited discretion given to the Civil Service Commission, director in Rule III, Section 4 as to the granting or denying of increased pay for enhanced duties is a violation of appellant’s right to equal protection and of Article 10, Section 10 of the Louisiana Constitution of 1974 regarding the establishment of a uniform pay plan applicable to all Civil Service employees. Finally, appellant argues that the police department’s order that he handle the same duties as other lieutenants in the police department while not paying him on the same scale as other lieutenants is discriminatory and presents the potential for abuse.
At the Civil Service Commission hearing, Assistant Police Superintendant Ray Holman testified that other sergeants who are receiving lieutenant’s pay or captain’s pay are filling permanent positions while the position of platoon commander which was filled by appellant in 1985-86 is a temporary position. Assistant Superintendent Holman explained that appellant was not paid as a platoon commander because he only held that position in an acting capacity and he did not have the permanent assignment of platoon commander. Holman stated that the position of platoon commander for the Sixth District is a budgeted position which can be filled on a full time basis by a lieutenant but that a sergeant filling the position of platoon commander does so only in an acting capacity and such an assignment can be changed on a daily basis. Holman stated that these facts explain why the appellant is not entitled to increased compensation for his enhanced duties performed as platoon commander.
During the Civil Service Commission hearing, the hearing examiner commented that it was his opinion that the decision whether or not to give increased compensation for enhanced duties is an administrative one and that because there was no discrimination or disciplinary action involved in the instant case, the Civil Service Commission should not interfere with this administrative decision of the police department to deny increased compensation to the appellant in this case.
The record in the instant cáse does not reveal any abuse of discretion by the police department or the Civil Service Commission in denying increased compensation to the appellant. Assistant Superintendent Holman’s testimony clarified the difference between appellant’s situation and the situation of other officers receiving increased pay. Therefore, we affirm the ruling of *75 the Civil Service Commission denying increased compensation to appellant.
AFFIRMED.