959 So.2d 566 (2007)
Keith McELRATH, Sean McElrath
v.
DEPARTMENT OF POLICE.
No. 2006-CA-1288.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 2007.
*567 Gary M. Pendergast, New Orleans, Louisiana, for Plaintiffs/Appellants.
Penya M. Moses-Fields, City Attorney for Orleans Parish, Joseph V. Dirosa, Jr., Chief Deputy City Attorney for Orleans Parish, James B. Mullaly, Assistant City Attorney for Orleans Parish, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge LEON A. CANNIZZARO, Jr., Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
In this consolidated appeal, the plaintiffs/appellants, Sergeant Keith McElrath and his son, Officer Sean McElrath, seek review of a decision of the Civil Service Commission of the City of New Orleans upholding a forty-five (45) day suspension for Sgt. McElrath and a thirty (30) day suspension for Officer McElrath imposed by the Superintendent of the New Orleans Police Department. We affirm.

FACTS AND PROCEDURAL HISTORY
On August 27, 2005, due to the approach of Hurricane Katrina, Superintendent Eddie Compass placed the New Orleans Police Department in "Activation Status" in order to mobilize departmental personnel for emergency operations upon the hurricane's making landfall. Pursuant to this status, all essential personnel were required to report to duty and remain on duty until relieved. It was made clear that only the Superintendent himself could grant furlough to an officer who sought to be relieved of duty after the storm. Both Sgt. McElrath and Officer McElrath were essential personnel and were assigned to the Second Police District.
Sgt. McElrath and Officer McElrath reported for duty on Sunday, August 28, 2005. On August 29, 2005, Hurricane Katrina made landfall. The McElraths' family members had decided to ride out the storm at the McElrath home in Lacombe, Louisiana. The appellants lost all communication with their family members in the aftermath of the hurricane and by late Monday they began hearing reports of devastation on the northshore, including tornadoes in the Lacombe area. On Tuesday, Sgt. McElrath informed his lieutenant *568 that he and his son would be leaving to check on their family but would return. The McElraths eventually located their family in Houston, Texas and returned to the Second District on Friday, September 2, 2005.
On September 26, 2005, the Public Integrity Bureau initiated a DI-1 investigation form. On November 21, 2005, Sean McElrath received a disciplinary letter wherein he was given a thirty (30) day suspension. On December 1, 2005, Keith McElrath received a disciplinary letter wherein he was given a forty-five (45) day suspension. Both Keith and Sean McElrath filed appeals with the Civil Service Commission.
The Commission assigned the matters to a hearing examiner pursuant to Article X, Section 12 of the Constitution of the State of Louisiana, 1974. The respective hearings were held on March 7, 2006 and March 21, 2006. On August 18, 2006, the Civil Service Commission rendered its decision wherein the Commission dismissed the appeals thereby affirming the discipline handed down by the Department of Police. It is from this decision that the McElraths now appeal.
DISCUSSION
On appeal, the appellants raise the following assignments of error: 1) the Civil Service Commission committed manifest error in dismissing the appellants' appeals since under the conditions created by Hurricane Katrina, no discipline was warranted in these cases; 2) the Civil Service Commission committed manifest error in denying the appellants' appeals under circumstances where the discipline by the appointing authority was excessive under the circumstances; and 3) the Civil Service Commission committed manifest error in failing to recognize the violation of the appellants' rights pursuant to the Police Officers Bill of Rights. La. R.S. 40:2531 B(7).
In a civil service matter, the standard of review is whether the decision by the Commission is arbitrary, capricious or characterized by an abuse of discretion. Alongi v. Dept. of Police, 452 So.2d 798 (La.App. 4 Cir.1984). It should also be noted that the Civil Service Commission has an obligation to uphold the disciplinary action of the appointing authority when there is sufficient cause shown to sustain such action. Joseph v. Dept. of Health, 389 So.2d 739 (La.App. 4 Cir.1980).
In the instant case, the appellants left their post for two days (August 30-31, 2005) after Hurricane Katrina. The appellants were aware that only the Superintendent himself could grant furlough to an officer who sought to be relieved of duty after the storm, but left anyway. Although the appellants actions were understandable, that does not change the fact that they violated the rule laid down by the Superintendent. The purpose of this rule was to centralize control of the police force under the Superintendent and avoid chaos in organizing and administering rescue efforts following the hurricane. As such the appointing authority disciplined both appellants in accordance with its uniform standards (Sgt. McElrath was given more discipline than his son because of his supervisory status as a sergeant). Under the circumstances of this case, the decision by the Civil Service Commission was not arbitrary, capricious or characterized by an abuse of discretion, and it was not excessive.
We also find no violation of the appellants' rights pursuant to La. R.S. 40:2531 B(7) (the "60 day rule"). Investigations of the appellants were both initiated on September 26, 2005 and the investigations were completed and submitted on October 17, 2005 for Sean McElrath and on October *569 24, 2005 for Keith McElrath. Accordingly, there is no violation of La. R.S. 40:2531 B(7).
CONCLUSION
For the foregoing reasons, the judgment of the Civil Service Commission is affirmed.
AFFIRMED.