TERRI F. LOVE, Judge.
| jThis appeal arises from the creation of the police commander position within the New Orleans Police Department. Norvel Orazio, Michael Glasser, Harry Mendoza, Rose Duryea, Frederick Morton, and Jerome Laviolette filed a petition alleging that the Civil Service Commission did not follow the rules when it authorized the Superintendent of Police to create a special position of police commander. The Civil Service Commission denied and dismissed the petition. We find that the Civil Service Commission arbitrarily and capriciously dismissed the petition without an investigation or contradictory hearing given the Civil Service Commission’s legal authority. Therefore, we reverse and remand for proceedings consistent with this opinion.

*286
FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chief Roñal Serpas, the New Orleans Police Department’s (“NOPD”) Superintendent, requested that personnel director, Lisa Hudson of the Civil Service Commission (“CSC”) “provide an opinion”' about a possible new “hybrid” job position “similar to police major and/or police colonel” within the NOPD. After reviewing a draft of a description of the position and during a meeting of the CSC, the:
Civil Service staff had some concerns relative to the ^creation of the positions because they were not able to fully develop job specifications, since they were not able to collect enough information to distinguish between the Police Colonel, Police Major and Police Captain positions.
However, the CSC granted the NOPD and Chief Serpas an allegedly unclassified position [1] of police commander. A special rate of pay was established and the assignment as a police commander was at the discretion of the Superintendent of Police.
Norvel Orazio, Michael Glasser, Harry Mendoza, Rose Duryea, Frederick Morton, and Jerome Laviolette (“Plaintiffs”) filed a Petition for Commission Investigation, for Evidentiary Hearing, and for Revocation of Unclassified Position against the City of New Orleans, through the NOPD, Chief Serpas, and Ms. Hudson alleging that the CSC did not comply with the rules when it created the new position of police commander. Specifically, the Plaintiffs’ requested 1) an evidentiary and contradictory hearing on the police commander position before the CSC’s hearing officer; 2) a' CSC Rule III, § 7(7.1) investigation into the police commander position through an evidentiary and contradictory hearing before a CSC hearing officer; 3) an audit of the police commander position and funding; 4) the administration of a police major’s examination to qualified employees; 5) the administration of examinations for “PO II’s, Ill’s, and IVs;” 6) the revocation, annulment, and dissolution of the police commander position; and 7) the approval of an equal pay increase and plan to “ICO’s.” The CSC dismissed claims against Ms. Hudson and dismissed the Plaintiffs’ entire petition. The Plaintiffs’ appeal followed.
| ¡¡The Plaintiffs assert that the “CSC committed legal error and acted arbitrarily and capriciously” by: 1) finding that the police commander position was not an unclassified position, 2) finding that the police commander position was a job assignment, 3) finding CSC R. Ill, § 7 inapplicable to the police commander position and its creation, 4) holding that the CSC had no power to audit pursuant to CSC R. Ill, § 7(7.1)(c), 5) finding promotional testing originates with a appointing authority, 6) finding it could not conduct evidentiary and contradictory hearings when conducting investigations of issues brought before it, and 7) finding the Plaintiffs’ petition to be a reconsideration request.

STANDARD OF REVIEW

“The Commission’s decisions are subject to review on any questions of law or fact.” Scott v. Div. of Hous. & Neighborhood Dev., 08-0068, p. 2 (La.App. 4 Cir. 8/6/08), 991 So.2d 558, 560. “In a civil service matter, the standard of review is whether the decision by the Commission is arbitrary, capricious or characterized by an abuse of discretion.” McElrath v. Dep’t of Police, 06-1288, p. 3 (La.App. 4 Cir. 5/23/07), 959 So.2d 566, 568. The CSC’s *287 decision is arbitrary and capricious “if there is no rational basis for the action taken by the Civil Service Commission.” Cure v. Dep’t of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1095. “However, we are not limited to abuse of discretion or arbitrary and capricious standards when reviewing procedural decisions and questions of law, which fall within this court’s traditional plenary function.” Scott, 08-0068, pp. 2-3, 996 So.2d at 560.

POLICE COMMANDER

Although the Plaintiffs alleged numerous assignments of error on appeal, we find that the central issue is whether the CSC was arbitrary and capricious when it |4denied the Plaintiffs an investigation and contradictory hearing relative to the creation of the police commander position.
The Louisiana Revised Statutes provide that the CSC shall
[m]ake, either at the direction of the mayor or upon the petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel in the city service, and review and modify, or set aside, any action by the department which the commission determines to be desirable or necessary in the public interest.
La. R.S. 33:2397(4). Rule III, § 7.3 of the Civil Service Rules provides that:
The Commission shall have the authority to initiate such audits and investigations of positions placed in the unclassified service by the Commission, as deemed necessary to protect the integrity of the merit system and maintain an equitable relationship between positions in the classified and unclassified services.
The CSC held that the position of police commander was “adopted by the Department of Police as a descriptive of a job assignment” and that “the persons discharging those assignments are classified employees.” The CSC then declared that the Plaintiffs’ “complaints with, regard to alleged noncompliance with Civil Service Commission Rule III, Section 7, are inap-posite.” Thus, the CSC determined that the police commander was a classified “job assignment” and did not fall within the purview of Rule III, § 7.3 of the Civil Service Rules, which provides for audits and investigations.
The NOPD and Chief Serpas contend that they cannot comply with the requests in the Plaintiffs’ petition because the police commander position is unclassified and is a mere “job assignment.” Therefore, they agree with the CSC’s conclusion that Rule III, § 7 does not apply to the Plaintiffs’ petition.
While, the CSC held that the police commander title is a job assignment, the Isperson who is given the “assignment” by the Superintendent of Police takes on a new title and a new salary. Additionally, although the police commander will allegedly retain his/her permanent classified status while serving as a police commander, this description connotes that the police commander, in and of itself, is unclassified. La. R.S. 33:2397(4) grants the CSC the responsibility to investigate petitions “concerning the administration of personnel in the city service” and commence “any action ... which the commission determines to be desirable or necessary in the public interest.” Rule III, § 7.3 of the CSC rules, gives the CSC “authority to initiate such audits and investigations of positions placed in the unclassified service.” The record before us connotes the questionability of the classified or unclassified nature of the “job assignment” or “position.” An investigation would ensure that “the integrity of the merit system” and protect an “equitable relationship between positions *288 in the classified and unclassified services.” Civil Service Rule III, § 7.3. We find that the CSC was arbitrary and capricious in denying the entirety of the Plaintiffs’ petition without granting an evidentiary and contradictory hearing into the creation of the police commander position given the CSC’s legal authority. See La. R.S. 33:2397(4) and Civil Service Rule III, § 7.3. Therefore, we reverse the CSC’s decision and remand for proceedings consistent with this opinion.

DECREE

For the above-mentioned reasons, we find that the CSC arbitrarily and capriciously denied the Plaintiffs an evidentiary and contradictory hearing regarding the claims alleged in the petition. Therefore, we reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED
BELSOME, J., concurs in the result and assigns reasons.

. The NOPD and Chief Serpas assert that the officers who attain the assignment of police commander retain their permanent "classified” status.