| CRESCENT CITY LODGE #2, | * | NO. 2020-CA-0411 |
| FRATERNAL ORDER OF | | |
| POLICE, INC., ITS | * | |
| PRESIDENT WALTER | | COURT OF APPEAL |
| POWERS, JR., ON BEHALF OF | * | |
| ITS MEMBERS, AND WILLIE | | FOURTH CIRCUIT |
| JENKINS, III AND NEW | * | |
| ORLEANS FIRE FIGHTERS | | STATE OF LOUISIANA |
| ASSOCIATION, IAFF LOCAL | * * * * * * * | |
| 632, AND ITS MEMBERS | | |

VERSUS

NEW ORLEANS CIVIL
SERVICE COMMISSION

APPEAL FROM
NEW ORLEANS CIVIL SERVICE COMMISSION
NO. 9181
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

**JENKINS, J., DISSENTS WITH REASONS**

Donovan A. Livaccari
LIVACCARI LAW LLC
101 W. Robert E. Lee Blvd., Suite 402
New Orleans, LA 70124--2472

Louis L. Robein, III
Paula M. Bruner
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002

      COUNSEL FOR PLAINTIFFS/APPELLANTS

Sunni J. LeBeouf
CITY ATTORNEY
Donesia E. Turner
SR. CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Elizabeth Robins
DEPUTY CITY ATTORNEY

William R. H. Goforth
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

Christina L. Carroll
CITY OF NEW ORLEANS CIVIL SERVICES COMMISSION
1340 Poydras Street
Suite 900
New Orleans, LA 70112

    COUNSEL FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED**
**FEBRUARY 17, 2021**

*TGC*
*RML*

Crescent City Lodge #2, Fraternal Order of Police Inc., Walter Powers, Jr., Willie Jenkins, III, and New Orleans Fire Fighters Association, IAFF Local 632 (hereinafter collectively "Appellants") seek review of the Civil Service Commission's (hereinafter "the Commission") May 26, 2020 minute entry decision denying their request for an emergency rate of pay to police officers and fire fighters. After consideration of the record before this Court and the applicable law, we reverse the decision of the Commission and remand the matter for further proceedings consistent with this opinion.

**Facts and Procedural History**

On March 11, 2020, the mayor of the City of New Orleans (hereinafter "the City") declared a State of Emergency due to the COVID-19 pandemic. As a result, the Chief Administrative Officer of the City directed all eligible employees to work remotely and critical employees to continue to report "in-person" to work. Ineligible employees, and those instructed not to report "in-person" to work, were placed on civil leave pursuant to Civil Service Rule VIII, § 4.1(h).

By letter dated March 25, 2020, Crescent City Lodge #2, Fraternal Order of Police requested an emergency rate of pay under Civil Service Rule IV § 11.1. The New Orleans Fire Fighters Association, IAFF Local 632, joined in the request. Appellants sought an emergency rate of pay from March 23, 2020 to May 16, 2020. They posited that employees required to report to work should receive an emergency rate of pay. Specifically, the police and the fire fighters asserted that a declared state of emergency and dangerous working conditions, which an employee is exposed to by being required to report to work, authorizes an emergency rate of pay as outlined in Civil Service Rule IV § 11.1. By letter dated

May 13, 2020, Crescent City Lodge #2, Fraternal Order of Police requested an investigation into the failure of the City to apply the emergency rate of pay rule. On May 14, 2020, the City responded to the parties' request. The City maintained that the necessary conditions, for application of the emergency rate of pay rule, were not triggered during the state of emergency. The City argued that although the mayor declared an official emergency, she had not instructed that only essential employees "report to work."

The request for an emergency rate of pay was considered at the Commission's May 26, 2020 special meeting after being placed on its business agenda. By minute entry of the same date, the Commission denied the Appellants' request. The Commission determined that the while some employees were directed not to report to work, essential and non-essential employees were working remotely from March 17, 2020 to May 16, 2020. The Commission stated "that employees working remotely were reporting to work during this declared state of emergency. Therefore, the requirement that only essential employees report to work is not met by this emergency." This appeal followed.

## Discussion

The decisions of the Commission are subject to review, by this Court, for a determination of whether the decision is arbitrary, capricious or an abuse of discretion. *Orazio v. City of New Orleans*, 2012-0423, p. 3 (La.App. 4 Cir. 1/16/13), 108 So.3d 284, 286. "However, we are not limited to abuse of discretion or arbitrary and capricious standards when reviewing procedural decisions and questions of law, which fall within this [C]ourt's traditional plenary function." *Scott v. Div. Of Hous. & Neighborhood Dev.*, 2008-0068, pp. 2-3 (La.App. 4 Cir. 8/6/08), 991 So.2d 558, 560.

2

Appellants assert two assignments of error, which aver that the Commission erred by failing to properly apply Civil Service Rule IV § 11.1 and allow an emergency rate of pay for police and fire fighters reporting to work during the declared state of emergency. However, we find the initial inquiry to be whether the term "report to work," as used in Civil Service Rule IV § 11.1, includes working remotely. Specifically, a determination must be made as to which workers were essential and which workers were critical employees directed to physically report to work beginning March 23, 2020. Only after the latter determination is made can we resolve the question of whether Appellants are entitled to an emergency rate of pay.

Civil Service Rule IV § 11.1 provides, in pertinent part:

> If it becomes necessary for an employee (exempt and non-exempt) to work on any day when the Mayor of New Orleans has declared an official emergency and has requested that only essential employees **report to work**, the appointing authority should adjust the employee's work schedule to allow another day(s) off during that work period as a substitution. If a substitution is not possible, then, for working at such time, the employees shall be paid the following…
>
> ***
>
> In all cases, this pay is to remain in effect until the Mayor announces the state of emergency has ended or an announcement is made that City offices are open for business and employees are to **report to work**, whichever comes first.

(emphasis added).

The May 26, 2020 minute entry states "The Commission considered the request for emergency pay of the [Fraternal Order of Police] at a special meeting on May 26, 2020, held via videoconference, thereby granting the request for investigation." Given that the grant of the request for investigation occurred on the

3

same date as the special meeting, we find the investigation into the matter insufficient. Although in its decision the Commission provided that "employees working remotely were reporting to work," no full investigation or evidentiary hearing was conducted to fully determine the scope of the term "report to work" as provided for in the Civil Service rules. Pursuant to La. Const. Art. 10 § 10, the Commission is vested with the authority to regulate employment, including compensation, and investigate any associated rules. Additionally, La. R.S. 33:2397(4) allows the Commission to conduct "any investigation concerning the administration of personnel in the city service." We find that it would better serve the interests of justice for the matter to have the benefit of a full evidentiary hearing on the issue of whether the term "report to work," as used in Civil Service Rule IV § 11.1, includes all employees who work remotely. Specifically, the query should focus on who were the critical employees directed to "report to work" as of March 23, 2020 in person. If a finding is made that those employees are essential employees, then Rule IV, § 11.1 applies. Based on the foregoing, we pretermit discussion of whether Appellants are entitled to an emergency rate of pay.

## Decree

For the foregoing reasons we reverse the decision of the Commission and remand the matter for a full evidentiary hearing on the issue of whether the critical employees directed to report to work in person are the essential employees as defined in Civil Service Rule IV § 11.1.

**REVERSED AND REMANDED**

4