| | | |
|---|---|---|
| NORVEL ORAZIO, ET AL. | * | NO. 2023-CA-0221 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DEPARTMENT OF POLICE, | * | |
| ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 7893
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Tiffany Gautier Chase)

Eric J. Hessler
ATTORNEY AT LAW
2802 Tulane Avenue
New Orleans, LA 70119

Raymond Charles Burkart, Jr.
RAYMOND C. BURKART, Attorney at Law, L.L.C.
321 North Florida Street, Suite 104
Covington, LA 70433

      COUNSEL FOR PLAINTIFF/APPELLANT

William R. H. Goforth
ASSISTANT CITY ATTORNEY
Elizabeth Robins
DEPUTY CITY ATTORNEY
Corwin St. Raymond
CHIEF DEPUTY CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street, Suite 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED IN PART;
REVERSED IN PART
OCTOBER 25, 2023**

Plaintiffs are current or former New Orleans Police Department Captains and one Major who were not originally appointed to the relevant Commander position. Plaintiffs seek review of the January 20, 2023 ruling issued by the Civil Service Commission (hereinafter "the Commission") denying the request for back pay and the request for attorney's fees.[1] After consideration of the record before this Court and the applicable law, we affirm in part and reverse in part the ruling of the Commission.

## Relevant Facts and Procedural History

This is the fifth appeal in this civil service case. The underlying facts and procedural history are articulated in this Court's previous opinions. *See Orazio v. City of New Orleans*, 2012-0423 (La.App. 4 Cir. 1/16/13), 108 So.3d 284 (hereinafter "*Orazio I*"); *Orazio v. Dep't of Police*, 2017-1035 (La.App. 4 Cir. 5/23/18), 248 So.3d 745 (hereinafter "*Orazio II*"); *Orazio v. Dep't of Police*, 2019-0230, 2019-0231 (La.App. 4 Cir. 6/19/19), 275 So.3d 340 (hereinafter "*Orazio III*"); *Orazio v. Dep't of Police*, 2021-0032 (La.App. 4 Cir. 5/19/21), 366 So.3d

---

[1] Named Plaintiffs in this matter include: Norvel Orazio, Michael Glasser, Harry Mendoza, Rose Duryea, Frederick Morton, Jerome Laviolette, Raymond C. Burkart, Jr., James Scott, Joseph Waguespack, Heather Kouts, William Ceravolo, Simon Hargrove and Bruce Adams.

301, *writ denied*, 2021-00994 (La. 11/3/21), 326 So.3d 895 (hereinafter "*Orazio IV*").

On June 24, 2019, following *Orazio III*, Plaintiffs filed a petition for back pay requesting an increase in base pay and employment benefits that were commensurate with the same level as Commanders. Plaintiffs sought to have the increase apply retroactively from the date the Commission approved the special rate of pay, March 1, 2011, to the date the Commander position was dissolved, November 7, 2019. "On February 20, 2020, the Commission, in a split (4-to-1) decision, denied [Plaintiffs'] back pay request." *Orazio IV*, 2021-0032, p. 4, 366 So.3d at 304. In *Orazio IV*, Plaintiffs sought review of the Commission's decision denying the petition for back pay. This Court found that a full evidentiary hearing was required to determine "(i) whether the duties of Commander and Captain were different; and (ii) when the Captains first made a claim for back pay given the three-year prescriptive period in Rule IV, § 15.1" before there could be a determination of any back pay due. *Id*., 2021-0032, p. 7, 366 So.3d at 307. This Court's ruling was premised on insufficient evidentiary support to determine if there was a difference between the duties of Commanders and Captains. This Court stated:

> Given the NOPD's current treatment of Commanders the same as Captain, the issue presented here is whether the duties of Commanders and Captain were different in any way. During oral argument before this [C]ourt, the attorneys for both sides were asked this question. [Plaintiffs'] attorney answered that the duties were not different. Although the NOPD's attorney answered that the duties were different, the NOPD's attorney acknowledged that there was very little evidence in the record regarding the duties of respective positions.

*Id*.

2

On February 15, 2022 and April 19, 2022, an evidentiary hearing was conducted by a hearing officer. The hearing was solely to address the issues in *Orazio IV*. The Commission, in a split (4-to-1) decision, again denied Plaintiffs' petition for back pay. The Commission supplemented its original denial of Plaintiffs' petition for back pay and found, in pertinent part, that: (1) the job duties performed by Commanders fall within the job description of a Captain; (2) the Commanders were performing more onerous job duties than Captains and Majors; (3) the Captains seeking back pay "were not tasked with the same level of supervision, span of control, or administrative duties as the officers serving in the position of Commander;" (4) Plaintiffs failed to request back pay based on Commanders' rate of pay before the petition filed on June 24, 2019; and (5) denied Plaintiffs' request for attorney's fees. The dissenting commissioner opined that Commanders were performing job duties once exclusively performed by Captains and thus, there was no difference between the positions. Therefore, according to the dissenting commissioner, the pay for Commanders and Captains should have been equal and back pay should be awarded beginning June 26, 2016 pursuant to Rule IV § 15.1. The dissenting commissioner also agreed with the majority's decision not to award attorney's fees. This appeal followed.

**Standard of Review**

This Court has previously determined that decisions by the Commission are reviewed under a multifaceted standard of review.

> In *Banks v. New Orleans Police Dep't.,* 2001-0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513–14, we articulated the standard of review in civil service cases. First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious,

3

or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. *See Stern v. New Orleans City Planning Comm'n,* 2003-0817, pp. 5-6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699–700.

*Orazio II*, 2017-1035, p. 6, 248 So.3d at 749-50 (quoting *Russell v. Mosquito Control Bd.*, 2006-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639–640).

## Discussion

In this appeal, Plaintiffs seek review of the Commission's decision denying their petition for back pay after this Court's remand in *Orazio IV*. Plaintiffs make the same principal argument made on appeal in *Orazio IV*:

> [T]hat the Commission erred in failing to award them back pay retroactive from November 7, 2019—when all Captains received substantial pay increases—to March 1, 2011—when the special rate of pay assignment was approved.

*Orazio IV*, 2021-0032, p. 5, 366 So.3d at 306. According to Plaintiffs they are due back pay because the job duties were the same for the unclassified Commander position and the classified position of Captain yet, the Commander position was receiving a higher rate of pay. Thus, the central issue before this Court is whether the Commission erred in finding that the duties of Commanders were more burdensome than the duties performed by Captains, such that Commanders were entitled to a higher rate of pay. [2]

---

[2] As in *Orazio IV*, "the other basis on which [Plaintiffs] premise their back pay claim is discriminatory pay." *Orazio IV*, 2021-0032, p. 6, 366 So.3d at 306. As of November 7, 2019, when the Commander position was dissolved, all Captains received an increase in salary to that equivalent to what the Commanders were receiving. *Id.*, 2021-0032, p. 7, 366 So.3d at 307. Thus, NOPD currently treats Captains the same as Commanders. *See Id.* Accordingly, we find this issue moot.

4

## Comparison of Job Duties

Plaintiffs assert entitlement to back pay, at the rate Commanders were receiving - from March 1, 2011 to November 7, 2019 - based on the lack of difference in job duties performed by Commanders and Captains. Conversely, the New Orleans Police Department (hereinafter "NOPD") maintains, and the Commission found, that Commanders performed duties that were more burdensome and of greater value than the job duties performed by Plaintiffs.

La. Const. art. X provides rules and regulations regarding the civil service system. La. Const. art. X § 10 governs rules, investigations; wages and hours of civil service employees and provides that it is the job of the Commission to regulate employment and adopt a uniform pay and classification plan. La. Const. Ann. art. X § 10(A)(1). The Commission determined that Plaintiffs "were not tasked with the same level of supervision, span of control, or administrative duties as the officers serving in the position of Commander." The Commission also acknowledged that although "the job descriptions were indistinguishable, as the below record evidence indicates, the actual work performed was different in character."

Extensive testimony was presented concerning the duties and responsibilities of the Plaintiffs, as well as that of Commanders. The Commission found that, while the job duties performed by Commanders fall within the job description of a Captain, the specific duties of Commanders involved more difficult work than that of Captains. The Commission also determined that Captains did not have the same level of responsibility as Commanders. We find the record does not support this conclusion. As noted by the Commission in its decision, Captains supervised subordinates as well as served as the manager over

5

varying divisions. Additionally, testimony was elicited that prior to the establishment of the Commander position, the same duties and responsibilities were performed by Captains and Majors. There is no evidence presented demonstrating such differences in the job duties of Commanders, and that of Captains, to justify the disparity in pay. Examples of duties performed by Commanders and Captains include: (1) managing and providing the efficient operation of a unit; (2) meeting with community groups; and (3) implementing departmental policies. As noted by this Court in *Orazio III*, the Civil Service Department's 2017 and 2018 reports, regarding the Commander position, found that there were no distinct differences between the positions. *Orazio III*, 2019-0230, 2019-0231, p. 18, 275 So.3d at 351. We find that both positions encompassed the same responsibilities and thus, Plaintiffs were entitled to be paid the same as Commanders because the duties performed were the same. Accordingly, we find the Commission erred in finding that Plaintiffs were not entitled to back pay.

**Retroactive (Back) Pay**

Plaintiffs' brief to this Court assigns error to the Commission's failure to award them back pay from March 1, 2011 to November 7, 2019. However, Plaintiffs fail to brief this assignment of error. This Court may consider as abandoned any assignment of error not briefed. *See Yokum v. Funky 544 Rhythm & Blues Café*, 2016-1142, p. 12, n. 3 (La.App. 4 Cir. 5/23/18), 248 So.3d 723, 735 (observing that "if an appellant identifies an assignment of error or an issue presented for review, but fails to brief that point with citations to the record and support in the law, that issue or assignment is deemed waived.") (quoting *McMaster v. Progressive Sec. Ins. Co.*, 2014-0155, pp. 6-7 (La.App. 4 Cir.

10/29/14), 152 So..3d 979, 983). Nonetheless, we note that "[t]here are, of course, times when 'the interest of justice clearly requires otherwise' that we are authorized to decide…an issue not…addressed by the parties." *Weatherly v. Sanchez*, 2015-0534, p. 3, n. 3 (La.App. 4 Cir. 11/25/15), 181 So.3d 218, 221 (citations omitted). This case began in 2011 and has been before this Court five times. Thus, we find that determining the appropriate period of retroactive pay is in the best interest of justice and pertinent to the central issue in this matter.

Civ. Ser. R. IV, § 15.1 provides:

> Any claim for back pay brought by an employee in the classified service based upon the application of the Pay Plan or the rules regarding classification and compensation must be submitted in writing, to the Personnel Director no later than three years from the date that the employee knew, or should have known, about the facts giving rise to the claim

The Commission found that Plaintiffs did not request back pay until the petition for back pay was filed on June 24, 2019. The Commission notes that Plaintiffs argued that this Court, in *Orazio I*, recognized a "request for 'the approval of an equal pay increase and plan to [Integrity Control Officers]' as a request for pay equal to Commanders." *See Orazio I*, 2012-0423, p. 2, 108 So.3d at 286. Thus, according to Plaintiffs, the initial request for back pay was in July 2011.

A review of the record supports the Commissions' conclusion that Plaintiffs did not request back pay until June 24, 2019; the date of filing the petition for back pay. Plaintiffs' request for an equal pay increase in their original petition challenging the Commander position, filed in July 2011, did not request back pay. Our review of the original petition reveals a failure to specifically plead a claim for back pay. In fact, it was not until the petition for back pay was filed, on June 24, 2019, that Plaintiffs made a formal request. In the 2019 petition, Plaintiffs seek

7

"the same base pay and employee benefits paid to [C]ommanders retroactive to [the] date it approved the [C]ommanders' special rate of pay…until the position of Commander is dissolved… ." The filing of the petition for back pay constituted Plaintiffs' unequivocal written submission seeking retroactive compensation. Therefore, we find that Plaintiffs did not formally request back pay until June 24, 2019, and pursuant to Civ. Ser. R. IV, § 15.1 are entitled to back pay for three years from the date of the request. Accordingly, we find Plaintiffs are entitled to receive back pay from June 24, 2016 to June 24, 2019.

## Attorney's Fees

Plaintiffs argue that the Commission erred in failing to award attorney's fees. It has long been reasoned that attorney's fees are awarded at the discretion of the Commission. Civ. Ser. R. II, § 4.21 provides:

> (a) When the Commission renders a decision it may order either party to pay attorney's fees in an amount not to exceed $1,500 if the disciplinary action or the appeal was frivolous or malicious.
>
> (b) The hearing examiner may allow such evidence and argument in support of the request for attorney's fees as is deemed appropriate considering the status of the appeal at the time the request for attorney's fees is filed. Any request for attorney's fees must be filed in writing with the Commission prior to the final disposition of the appeal.

The Commission did not make a determination that the appeal was frivolous or malicious. Thus, their decision not to award attorney's fees was not error. Likewise, "[a]n award of attorney fees is a *discretionary* act by the [Commission], generally premised on a finding that the action of the appointing authority was unreasonable, and an abuse of that discretion must be shown for the award to be modified or vacated." *Ray v. Department of Labor*, 2008-0309, p. 4 (La.App. 1 Cir. 11/3/08), 998 So.2d 206, 209 (citation omitted). No such showing has been made.

Accordingly, we will not disturb the Commission's decision not to award attorney's fees.

## Conclusion

We find the Commission erred in determining that the duties of the Commanders and Captains were not the same. Thus, the Plaintiffs were entitled to the same rate of pay. However, since Plaintiffs failed to request back pay until June 24, 2019, their back pay may only be awarded from June 24, 2016 to June 24, 2019. As we find Plaintiffs are entitled to back pay, NOPD is ordered to calculate the amount of back pay due each Plaintiff in a manner consistent with this opinion. Finally, we find no error in the Commission's ruling denying Plaintiffs' request for attorney's fees.

## Decree

For the foregoing reasons, we reverse the portion of the Commission's January 20, 2023 ruling denying Plaintiffs' petition for back pay and affirm the portion denying Plaintiffs' request for attorney's fees.

**AFFIRMED IN PART;
REVERSED IN PART**